No. 1366. George Ball v. Lenora Schaffer. This case was before the court at the December term, 1883, and sub-stantially all the questions now raised by the assignments of error were then involved in the cause and decided. Ball v. Schaffer, 14 Bradwell, 302. The decree of the circuit court was then affirmed, as to all matters in controversy between the parties, except as to the damages awarded for the detention of dower, and on that particular point the decree was reversed and the cause remanded for further proceedings in conformity with the opinion of the court. It is admitted by appellant that the action of the court below, upon the remanding, is in substantial compliance with the expressed views of this court. The cause must be considered by the former adjudication, at least so far as this court is concerned. That adjudication covered the merits of the controversy in all its bearings, and the only matters we could now properly re-view would be the proceedings subsequent to the remanding of the cause ; it is not contended such proceedings were not in conformity with the mandate of the court. Hollowbush v. McConnel, 12 Ill. 203; Cook v. Norton, 61 Id. 285 ; Newberry v. Blatchford, 106 Id. 584. The decree is affirmed. Opinion by BAKER, J. Judge below, JOHN BURNS. Attorneys for appellant, Messrs. BARNS & BARNS; for appellee, Mr. F. S. POTTER. Opinion filed Dec. 4, 1885.

### THIRD DISTRICT.

No 47. William Winnings v. W. G. Cochran, assignee, etc. This was a claim against the insolvent, who had been a banker, presented to his assignee in April, 1884, and contested under the statute. It was in the form of a slip or ticket signed by his cashier, dated June 17, 1878, and showed a deposit by ap-pellant of $800; and the defense was payment. Upon the trial, on appeal from the county court, the issue was found for the defendant, a motion for a new trial overruled and judgment entered. The only reason here urged for a reversal was that the verdict was against the evidence; but it was not denied, nor could it be in the face of their record, that there was much to support it. The judgment is therefore affirmed. Opinion, PER CURIAM. Judge below, C. B. SMITH. Attorney

for appellant, Mr. W. H. SHINN; for appellee, Messrs. EDEN & CLARK. Opinion filed Dec. 4, 1885.

No. 28. Wallace Young v. Norman Slane. An action on the case against a physician for carelessly lacerating appellee's mouth and fracturing his jaw, in extracting a tooth. The judgment against appellant, the physician, is reversed, as being contrary to the evidence. Opinion PER CURIAM. Judge below, WM. C. JONES. Attorneys for appellant, Mr. W. S. EVERHART, Mr. P. A. BRADY; for appellee, Mr. S. S. WHITEHEAD. Opinion filed Dec. 4, 1855.

No. 75. Lawrence Looby v. People, etc. A prosecution before a justice of the peace for carrying concealed weapons, and a fine imposed of $25. Appeal to the circuit court, and a fine of $150 imposed. Finding no error, the judgment is affirmed. Opinion PER CURIAM. Judge below, GEORGE W. HERDMAN. Attorney for appellant, Mr. E. LYNCH; for appellee, Mr. S. H. BLANE. Opinion filed December 4, 1885.

No. 73. Richard N. Watts v. Village of West Springfield. This was a suit brought before a justice of the peace to recover the penalty for violating a village ordinance, for an alleged obstruction of a public road. The case was removed by appeal to the circuit court, and was tried there by the court without a jury, by consent. The issue was found for the plaintiff, and a fine assessed accordingly, with costs. The only question here was as to the propriety of that finding. The controverted question of fact was as to the true location of the road, and while there was conflict upon this point, the court is of opinion that the conclusion reached by the court below has ample support in the evidence. It is urged that there was a variance between the offense indicated by the summons and the proof in this, that the evidence tended to prove a violation of section four of the ordinance, by failing to remove an obstruction after notice, while the summons was for violating section three by obstructing the road. No objection was made to the evidence on this ground in the trial court, and it is too late to make it for the first time in this court. If there was anything in the point, the objection should have been made on the trial ; and if deemed necessary, it could have been obviated by an amendment. I. & St. L. R. R. Co. v. Estes,